OPINION
Appellant Philip Anderson appeals a judgment of the Holmes County Common Pleas Court designating appellee Viola Anderson nka Allison the residential parent of the parties' minor children: Misty, Richard, Candace, William, and Robert:
ASSIGNMENTS OF ERROR:
 I. THE COURT ABUSED ITS DISCRETION IN CONSIDERING THE BEST INTEREST OF THE CHILDREN BY NOT NOTIFYING THE CHILDREN'S GUARDIAN AD LITEM AS REQUESTED BY APPELLANT IN HIS MAY 6, 1997 MOTION.
 II. THE MAGISTRATE ABUSED ITS DISCRETION BY MODIFYING A PRIOR ORDER, IN MAGISTRATE'S DECISION, WITHOUT FINDING A CHANGE OF CIRCUMSTANCES PURSUANT TO R.C. 3109.04.
 III. THE MAGISTRATE ABUSED HIS DISCRETION, IN MAGISTRATE'S DECISION, BY NOT ALLOWING WILLIAM AND ROBERT ANDERSON TO LIVE WITH THE PARENT OF THEIR CHOICE.
 IV. THE MAGISTRATE ABUSED HIS DISCRETION BY MODIFYING PRIOR ORDER BASED ON FACTS THAT WERE KNOWN PRIOR TO NOVEMBER 1, 1995.
 V. THE COURT, IN ITS FINAL ORDER, ABUSED ITS DISCRETION BY ADOPTING MAGISTRATE'S DECISION OVER THE ELECTION OF THE CHILDREN BASED ON FACTS WHICH WERE KNOWN BY THE COURT PRIOR TO NOVEMBER 1, 1995.
In January of 1995, appellant was convicted of Criminal Trespass and Criminal Damaging. The victim of the criminal activity was Jeffery Allison, the current spouse of appellee.
The parties were divorced on November 1, 1995. Appellee was designated the residential parent and legal custodian of Misty, Richard, and Candace; appellant was designated the residential parent of William and Robert.
During the period after the divorce, appellant continued to harbor intense hatred for Jeffery Allison, as he blamed him for the breakup of his marriage with appellee. As a result of his consuming hatred for Mr. Allison, appellant told his children that he hates Mr. Allison, told the children that he does not care if they listen to or obey Mr. Allison when at their mother's home, and has refused to drop off the children at appellee's house as scheduled, if only Mr. Allison is available to receive the children. In addition, appellant removed the boys from Millersburg Elementary School, because he was angry with appellee and her husband, and wanted to distance the boys from their mother, their step-father, and their siblings.
Following the divorce, appellant moved from Millersburg to Danville, where his home and many belongings burned in a fire. Appellant then moved to Massillon. Appellant lost his driving privileges, yet continued to drive without a valid operator's license. In October of 1996, appellant was arrested for Driving Under the Influence of Alcohol, and was charged with a probation violation. As a result, his probation was revoked, and he was sentenced to 110 days in the county jail, commencing in January of 1997.
In late December, 1996, appellee arranged with the principal of the Millersburg school for William and Robert to resume attendance there at the beginning of the year, as they would be living with her during the term of their father's incarceration. On January 3, 1997, appellee filed a Motion for an Emergency Temporary Change of Custody, which was granted the same day. On May 7, 1997, appellee filed a motion to permanently change custody of William and Robert. Appellant filed a variety of motions, including motions to be reinstated as the custodial parent of William and Robert, and a motion to designate him residential parent of Candace and Richard.
The case proceeded to a hearing in the Common Pleas Court. The Magistrate recommended that appellee be named residential parent of all the children. Appellant filed objections to the report of the Magistrate. The court considered the objections, and entered judgment in accordance with the decision of the Magistrate.
 I.
Appellant argues that the court erred in denying his motion to notify Laurel Hines, guardian ad litem of the children, of all hearings in the instant case.
As noted by the trial court, a guardian ad litem had been previously appointed in the case, but no request was made to continue or reactivate the appointment. Appellant's May 6 motion to appoint a guardian ad litem was dismissed as moot, as it was based on motions for temporary custody. At various points during the hearing, concerning the interview of the children in chambers, the topic of the appointment of a guardian ad litem arose. However, appellant gave no indication to the court that he wished to have a guardian appointed at that time. By failing to renew his motion, which he had voluntarily dismissed, for appointment of a guardian, appellant has waived any error.
The first Assignment of Error is overruled.
 II.
Appellant argues that the court abused it discretion in modifying the previous custody order without a change in circumstances.
There was abundant evidence to support the court's finding that appellant's circumstances had changed, therefore, a change in custody in the best interests of the children. Following the original designation of appellant as residential parent of William and Robert, appellant continued to engage in a pattern of disturbing behavior concerning appellee's new husband, Jeff Allison, and consistently said and did things which were harmful to his children, and to their relationship with their new step-father. There was evidence that Jeff Allison had a positive impact on all of the children. However, appellant's open hostility toward Allison, manifested by his refusal to deliver the children for visitation, and his indiscreet statements about Allison to the children, caused stressed for all of the children of the marriage. In addition, appellant had removed the children from the Millersburg Elementary School, which they had always attended with their siblings, solely because of his anger at appellee and her husband. During the time period in which appellant had custody of William and Robert, they moved several times, transferred out of the school, and because of appellant's actions, became increasingly defiant to and alienated from their mother and step-father. In addition, during this time period, appellant lost his job, violated his probation, and served approximately six months in the county jail. The court did not abuse its discretion in finding that based on a change in circumstances, custody of the boys should rest with appellee.
The second Assignment of Error is overruled.
 III.
Appellant argues that the court abused its discretion by failing to allow William and Robert to live with the parent of their choice. Pursuant to R.C. 3109.04(B)(1), the wishes of the children regarding custody are not determinative. The court retains the discretion to determine whether it is within the best interest of the child to determine the issue in accordance with the child's wishes and concerns with respect to allegation of custody.
As discussed in Assignment of Error II., there was abundant evidence to suggest that it was in the best interest of the children for custody to be awarded to appellee. Although both William and Robert expressed desires to live with their father, the court did not abuse its discretion in concluding that in spite of this desire, it was not in their best interest to live with appellant.
The third Assignment of Error is overruled.
 IV.
Appellant argues that evidence concerning his criminal problems and his issues with Jeff Allison pre-date the original divorce decree, and the court cannot modify custody based on facts existing prior to the original divorce.
Despite the fact that the problem concerning Mr. Allison pre-dated the divorce, its manifestations continued well after the divorce. All of the factors used by the court to support the change of custody, including moving, transferring schools, the probation violation and resulting incarceration, and appellant's continued manifestation of hatred toward appellee's husband, occurred after the date of the divorce.
The fourth Assignment of Error is overruled.
 V.
Appellant argues that the court erred in accepting the recommendation of the Magistrate over the wishes of the children. As discussed in Assignment of Error III. above, there was abundant evidence to support the conclusion of the court that despite the boys' desire to live with their father, it was not in their best interest to do so.
The fifth Assignment of Error is overruled.
The judgment of the Holmes County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Holmes County Common Pleas Court is affirmed. Costs to appellant.